OPINION
{¶ 1} Appellant Debi Sentivany, f.k.a. Debi Dunaway, appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, that granted permanent custody of her three children to Appellee Licking County Department of Job and Family Services, Children's Services Division ("Agency"). The following facts give rise to this appeal.
 {¶ 2} On March 14, 2001, the Agency filed a complaint alleging appellant's children were dependent and neglected. On this same date, the court placed the children in the emergency shelter care custody of the Agency. On May 3, 2001, a magistrate adjudicated the children neglected and dependent and continued the placement of the children in the temporary custody of the Agency.
 {¶ 3} The Agency filed a motion for permanent custody on February 5, 2002. The motion was originally scheduled to be heard on April 11, 2002, but it was continued, by agreement of the parties, pursuant to a settlement memorandum. Thereafter, the request for permanent custody was scheduled for and heard by a magistrate on July 10, 2002. On September 4, 2002, the magistrate filed his decision granting the Agency's motion for permanent custody. Appellant filed objections, to the magistrate's decision, which the trial court overruled on January 31, 2003.
 {¶ 4} Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. The trial court's order granting permanent custody to the agency is contrary to law and against the manifest weight of the evidence."
 I {¶ 6} Appellant maintains, in her sole assignment of error, the trial court's decision to grant permanent custody of her three children, to the Agency, was against the manifest weight of the evidence. We disagree.
 {¶ 7} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. The statute provides as follows:
 {¶ 8} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 9} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 10} "(b) The child is abandoned.
 {¶ 11} "(c) The child is orphaned, and there is no relatives of the child who are able to take permanent custody.
 {¶ 12} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 13} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 14} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 15} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 16} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 17} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 18} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 19} In the case sub judice, the trial court considered the children's best interest as required by R.C. 2151.414(D). Magistrate's Decision, Sept. 4, 2002, Conclusions of Law, paragraph six. The record indicates that the children have been in the temporary custody of the Agency for twelve or more months of a consecutive twenty-two month period. The trial court also found that neither parent is currently capable of meeting the children's regular and special needs and will not be able to do so in the foreseeable future. Id. at paragraphs five and seven.
 {¶ 20} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA 5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, syllabus. It is based upon this standard that we review appellant's sole assignment of error.
 {¶ 21} Appellant contends the trial court's decision is against the manifest weight of the evidence because she met the goals of the settlement memorandum and the trial court improperly referred to the case plan in determining whether to grant the Agency's motion for permanent custody. Appellant claims, pursuant to the settlement memorandum, she had eight items to complete to prevent the granting of the Agency's motion for permanent custody.
 {¶ 22} These items are as follows: (1) establish and maintain adequate housing; (2) develop a budget and present it to her social worker, Michelle Smith; (3) reside alone; (4) attend and successfully complete parenting classes; (5) make and keep appointments with counselor at Moundbuilders guidance center on a regular basis and follow suggestions; (6) complete updated psychological evaluation with Dr. Jackson; (7) be receptive and follow case aid suggestions during visitation with children at the Agency; and (8) terminate marriage through proper court proceedings.
 {¶ 23} Appellant claims she successfully completed these eight factors and these are the only factors the trial court should have considered when deciding whether to grant the Agency's motion for permanent custody. We have reviewed the settlement memorandum and we conclude the memorandum clearly indicates that appellant agreed to complete the items in the settlement memorandum to allow an additional period of temporary custody, rather than to seek permanent custody immediately. The memorandum does not indicate that if appellant successfully completed these eight items, the trial court would deny the Agency's motion for permanent custody.
 {¶ 24} Further, the record indicates, and the magistrate so found, that appellant failed to comply with the eight requirements contained in the memorandum. The magistrate found that appellant failed to address all but the requirement for an updated psychological evaluation. Magistrate's Decision, Sept. 4, 2002, Findings of Fact, paragraph twelve. Specifically, the magistrate found that appellant's residence is unsafe and inappropriate for the children; that appellant did complete the parenting skills program, but failed to demonstrate any ability to incorporate the lessons taught into her visits with the children; that appellant has not demonstrated an ability to incorporate case aide suggestions into her parenting style; that appellant is not currently involved in counseling; and that appellant has failed to begin any action to terminate her marriage. Id. at paragraphs thirteen, fifteen, sixteen and seventeen.
 {¶ 25} Therefore, we conclude the trial court's decision to grant the Agency's motion is not against the manifest weight of the evidence. The settlement memorandum entered into between appellant and the Agency merely extended temporary custody if appellant successfully completed the eight goals, which appellant failed to do. Further, the agreement did not preclude the trial court from considering the requirements of appellant's case plan.
 {¶ 26} Appellant's sole assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Farmer, J., concur.